UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR MILLER,

                                        Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    06-CV-483S

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

        1.      Plaintiff Victor Miller challenges an Administrative Law Judge's ("ALJ")

determination that he is not disabled within the meaning of the Social Security Act ("the

Act").  Plaintiff alleges that he has been disabled since May 31, 2003, due to carpal tunnel

syndrome, tendonitis, high blood pressure, learning disorder, borderline intellectual

functioning, diabetes, arthritis, depression, and anxiety.  Plaintiff contends that his

impairments render him unable to work.  He therefore asserts that he is entitled to disability

benefits under the Act.

        2.      On October 31, 2005, the ALJ denied Plaintiff's application for social security

benefits.  Plaintiff exhausted his administrative remedies[1] and filed the instant action on

July 20, 2006, challenging the ALJ's decision.  The parties subsequently filed Motions for

Judgment on the Pleadings on January 10, 2007.  After full briefing, this Court deemed oral

argument unnecessary and took the motions under advisement on March 9, 2007.  For the

following reasons, Plaintiff's motion is granted and Defendant's motion is denied.

        3.      A court reviewing a denial of disability benefits may not determine *de novo*

whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y

---

        [1]     The ALJ's decision became the Commissioner's final decision in this matter after the
Appeals Council denied Plaintiff's request for review on June 22, 2006.

of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

5.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

6.     This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.   If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.     While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national

3

economy that a person having the claimant's qualifications could perform.  <u>See</u> 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); <u>Heckler v. Campbell</u>, 461 U.S. 458, 460, 103 S.

Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.      In this case, the ALJ made the following findings with regard to the five-step

process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since

May 31, 2003 (R. at 26); (2) Plaintiff's impairments are considered "severe" impairments

within the meaning of the Act (R. at 26); (3) Plaintiff's impairments do not meet or equal an

impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 26); (4) Plaintiff

retained the residual functional capacity to perform work activity with certain restrictions[2]

(R. at 26); and (5) Plaintiff was able to perform his past relevant work.  (R. at 26).  The ALJ

concluded that Plaintiff was not disabled within the meaning of the Act at any time prior to

his decision.  (R. at 26).

9.      Plaintiff challenges the ALJ's decision on the basis that it fails to explain why

the ALJ did not credit Dr. Aronica's opinion that Plaintiff was limited to sedentary work, and

could not perform his prior job.  (Plaintiff's Reply Mem., Docket No. 10, p. 2).  Defendant

has not responded to this contention.  (Commissioner's Notice of No Reply, Docket No. 9).

The record indicates that Dr. Michael Aronica treated Plaintiff at the Elmwood Health

Center in Buffalo, NY, on multiple occasions between September 25, 2004, and July 12,

2005.  (R. at 184-212).  On February 8, 2005, Dr. Aronica examined Plaintiff, and indicated

on a form entitled "MEDICAL REPORT FOR DETERMINATION OF DISABILITY" that

---

[2]      In particular, the ALJ found that "claimant has the residual functional capacity to perform
the non-exertional requirements of work (at all exertional levels) that require no more than
brief, superficial contact with co-workers and the general public.  He is able to understand,
remember, and carry out no more than simple instructions and make simple work-related
decisions.  There are no exertional (physical) limitations or restrictions."  (R. at 26).

Plaintiff was limited to performing "sedentary" work.[3]  (R. at 189-190).

In the ALJ's decision, the ALJ did not explicitly discredit the opinion of Dr. Aronica, or give an explanation for disregarding Dr. Aronica's opinion.  The ALJ found, however, that Plaintiff had no physical limitations or restrictions, and that Plaintiff was capable of performing his past work as a warehouse laborer—a job involving "medium exertional demands."  (R. at 25-26).  The ALJ's finding that Plaintiff had no physical limitations and could perform his prior work is in direct conflict with Dr. Aronica's finding that Plaintiff could perform only sedentary work.

CFR § 404.1527(d)(2) provides that Defendant "give good reasons in [the] notice of determination or decision for the weight [she] give[s] [a] treating source's opinion."  Applying this provision, the Second Circuit has explained that while the ALJ need not always credit a physician's finding of disability, the ALJ must still "explain why a treating physician's opinions are not being credited."  Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).

Accordingly, it was error for the ALJ in the present case to discredit Dr. Aronica's medical opinion without explaining the reasons for doing so.  Because the necessary explanation is absent from the ALJ's decision, this Court cannot determine whether the ALJ appropriately discounted the medical opinion of Dr. Aronica in determining Plaintiff's residual function capacity or ability to do his prior work.

10.    Having reviewed the record evidence and the parties' arguments, this Court finds that this case should be remanded to the Commissioner for further proceedings.  In

---

[3]    Aronica's report states that "sedentary" work is work that may entail the following tasks: "Lift 10 lbs. occasionally.  Stand/walk 2 hrs. a day.  Sit 6 hrs/ a day.  Use of hands for manipulation."  (R. at 189).

particular, the Commissioner shall consider Dr. Aronica's medical opinion in determining Plaintiff's residual function capacity and ability to do his prior work.  See Rivera v. Sullivan, 771 F.Supp. 1339, 1354 (S.D.N.Y. 1991) (Commissioner's determination "must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions").

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   September 3, 2007
          Buffalo, New York


                                             /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                             United States District Judge